## No. 615

### BALLARD v. STATE

Ohio Appeals, First District, Hamilton County
No. 2139. Decided June 4, 1923

This opinion has not been published except in Abstract

ATTORNEY FEES—Police prosecutor, not city solicitor, is entitled to allowance of county commissioners to police prosecutor, for handling its legal matters.

CUSHING, J.

### Epitomized Opinion

Ballard was city solicitor of Cincinnati in 1908-9. He appointed Thomas prosecuting attorney of the police court and Thomas served in that capacity, 1908-9. County commissioners appropriated $800 per year, under 1536-633 GC., to pay prosecuting attorney of Cincinnati police court to render legal services for the county. Thomas drew $200 in 1908; thereafter Ballard demanded the money and the commissioners paid him $1400, as balance owed for 1908-9. Ballard did not turn over any of the $1400 to Thomas. In 1916 Thomas sued commissioners for $1400 as balance due him for services rendered in 1908-9. Supreme Court in 88 OS. 489 held Thomas was entitled to this money and he was paid it. This action is to recover the money paid to Ballard, who contended: (1) That money was paid under judicial construction of Sec. 1536-663, in 10 CC. NS. 507, and change in decision has same effect on pre-existing contracts as repeal or amendment of statute, 101 US. 676. (2) That money paid under a mistake of law cannot be recovered. The Court of Appeals in affirming the judgment ordering Ballard to repay this money held:

1. There was no contract between Ballard and the county. This money was appropriated to compensate the person that represented the county in its litigations. No consideration moved from Ballard to the county as a basis for the contract. Ballard was an officer of the city and had a contract with it and not the county.

2. The prosecuting attorney was authorized to maintain an action to recover the money drawn by Ballard. Statute changed 68 OS. 362.

Attorneys—Littleford & Ballard, for Ballard; C. Bell and C. S. Durr, for State.

## No. 616

### WHEATCRAFT et al v. HALL et al

Ohio Appeals, Second District, Miami County
No. 16947. Decided Nov. 28, 1922

This opinion has not been published except in Abstract.

DESCENT OF PROPERTY—(1) Facts showing that real estate was ancestral property.

JONES, J.

### Epitomized Opinion

This is an action by Hall to partition and quiet title to land. Wm McClurg acquired 100 acres under the will of his father which contained a provision that he should "have the farm above described by paying certain legacies to his two brothers and to the children of his deceased sister. McClurg died intestate and later his wife died leaving a will. This action was brought by the brothers and the children of McClurg's deceased sister against the devisees of McClurg's wife. The lower court held for the plaintiffs whereupon defendants prosecuted error. In sustaining the judgment of the lower court the Court of Appeals held:

1. The real estate so acquired by the son was ancestral property, and upon his dying intestate descended as such under the provisions of GC. 8573. The title thereto came to such intestate by devise. The provisions contained in the will, requiring such devisee to pay legacies did not convert the estate into one by purchase.

Attorneys—Broomhall & Broomhall, F. V. Flinn and J. M. Swartz, for Wheatcraft; Alva B. Campbell, W. H. Handy and William H. Gilbert, for Hall.

## No. 617

### ROZEWICZ v. POLSKY CO.

Ohio Appeals, Ninth District, Summit County
No. 646. Decided May 24, 1923

This opinion has not been published except in Abstract.

DOMESTIC RELATIONS—(1) Improper admission of ledger showing account against husband in action against husband for necessaries supplied wife—(2) Error in court' charge—(3) Verdict manifestly against weight of evidence.

FUNK, P. J.

### Epitomized Opinion

The A. Polsky Company brought an action against Rozewicz on an account for necessaries, including clothing and house furnishings sold and delivered to defendant at his wife request. The goods were purchased in 1919 during which time the defendant and his wife lived together in a 15-room house and paid $60.00 per month. They occupied part of the house and sub-let the remainder for $150.00 a month. This money was paid to the defendant's wife and she also received $28.00 per week, which was defendant's wages. Defendant also worked in a bakery and received bread and rolls for his family free, in addition to his wages. At no time did the defendant permit his wife to run any accounts and all the wife's accounts were without the knowledge and consent of her husband. The trial resulted in a judgment in favor of plaintiff. The defendant prosecuted error, claiming as principle errors: First, that the court erred in omitting the ledger sheet showing the items of the account without prima facie evidence of the defendant's liability; second, error in the court's charge upon the question of implied authority of the wife to purchase the goods, and, third, that the verdict was manifestly against the weight of the evidence. In reversing the judgment of the lower court, the Court of Appeals held:

1. In the absence of evidence to show agency of the wife, other than the mere fact that she is wife of the defendant, and that they were living together as husband and wife, the ledger account was improperly admitted for any purpose other than to show the amount due, and the court not having limited its admissibility to that purpose, it was prejudicial error to admit it for the purpose of showing the character of the goods to prove agency of the wife.

2. As the court's charge tended to lead the jury to believe that they could find that the wife had implied authority to purchase on the husband's credit solely upon evidence of the relationship of husband and wife, that they lived together, and that the goods were necessaries, prejudicial error was committed thereby.

3. The verdict was manifestly against the weight of the evidence.

Attorneys—Rolland Jones, for Rozewicz; Crawford & Body, for A. Polsky Co.